Yuri Mikulka (State Bar No. 185926)
*ymikulka@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Tel: (714) 371-2500; Fax: (714) 371-2550

Danielle Mihalkanin (State Bar No. 271442)
*dmihalkanin@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Tel: (650) 812-1300; Fax: (650) 213-0260

Attorneys for Plaintiff
**LINDORA, LLC**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDORA, LLC, a Delaware limited liability company,<br><br>      Plaintiff,<br><br>      vs.<br><br>LIMITLESS LONGEVITY LLC, a Pennsylvania limited liability company,<br><br>      Defendant. | No.   '15CV2847 JAH KSC<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lindora, LLC ("Plaintiff Lindora" or "Lindora") hereby complains of Defendant Limitless Longevity LLC ("Defendant") and alleges as follows:

## THE PARTIES

1. Lindora is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 2975 Red Hill Avenue, Costa Mesa, California 92626.

2. Lindora is informed and believes, and thereon alleges, that Defendant is a limited liability company organized and existing under the laws of the commonwealth of Pennsylvania with its principal place of business at 1601 Walnut Street, Suite 810, Philadelphia, Pennsylvania 19102.

3. Lindora is informed and believes, and thereon alleges, that Defendant operates an interactive website with the address at http://drseltzerweightloss.com and conducts its business nationwide using this website.

4. Lindora is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## JURISDICTION AND VENUE

5. This is an action for (a) trademark infringement arising under 15 U.S.C. § 1114; (b) false designation of origin arising under 15 U.S.C. § 1125(a); (c) trademark infringement arising under the common law of the state of California; and (d) unfair competition under the common law of the state of California and California Business & Professions Code § 17200 *et seq.*

6. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116(a) and 1121(a) as well as 28 U.S.C. §§ 1331 and 1338 over the claims arising under the laws of the United States. This Court has supplemental jurisdiction over the remaining claims herein pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA, CA

315631007.1

1

COMPLAINT

facts.

7. This Court has personal jurisdiction over Defendant because Lindora is informed and believes and alleges on that basis that Defendant has a continuous, systematic, and substantial presence within this judicial district including conducting and soliciting business to individuals in this judicial district services in the fields of weight loss and general fitness. Defendant also operates a website at http://drseltzerweightloss.com that facilitates its medical consultation services, and its website is directed at consumers nationwide, including in this judicial district.

8. Venue in this district is proper under 28 U.S.C. § 1391(b)-(d).

## GENERAL ALLEGATIONS

9. Lindora has provided a wide variety of innovative weight control and weight loss services since at least as early as 1971 and has continuously developed its business, enjoying significant commercial success and recognition to the present day.

10. Since at least as early as 1989, Lindora has used, marketed, and sold its inventive weight control and weight loss services with the marks LEAN FOR LIFE! and LEAN FOR LIFE (collectively, the "Lindora Marks"). Since Lindora has been using the Lindora Marks, its use of the marks in connection with its services has been continuous and exclusive.

11. As a result of Lindora's substantial use and promotion of the Lindora Marks with its goods and services, the Lindora Marks became entrenched in the minds of consumers as source indicators for Lindora's market-leading goods and services.

12. After more than twenty-five years of using, promoting, and investing money in the protection and marketing of LEAN FOR LIFE!, the Lindora Marks have each become well-known to consumers and are two of Lindora's most important assets. The Lindora Marks immediately distinguish Lindora's goods and services from those provided by third parties while concomitantly signaling to

consumers that any goods and services provided under the Lindora Marks originate from a well-respected innovator that provides only the highest-quality weight control and weight loss goods and services.

13.     Lindora is the owner of Trademark Registration Nos. 1,868,744 and 3,228,958 for the Lindora Marks.

14.     Lindora is the owner of Trademark Registration Nos. 1,868,744 and 3,228,958 for the Lindora Marks.  These Trademark Registrations have been assigned from Lindora, Inc. to Lindora, LLC.

15.     Lindora's Trademark Registration No. 1,868,744 for LEAN FOR LIFE! was registered with the United States Patent & Trademark Office on December 20, 1994 on the Principal Register. Registration No. 1,868,744 is associated with the following:  weight control and weight loss services, including providing psychological consultation, diet planning and supervision, physical therapy and physical fitness instruction.  A true and correct copy of the Registration Certificate for this trademark is attached as **Exhibit A**.

16.     Lindora's Trademark Registration No. 3,228,958 for LEAN FOR LIFE was registered with the United States Patent & Trademark Office on April 17, 2007, on the Principal Register.  Registration No. 3,228,958 is associated with the following:  dietetic substances, including multi-vitamins, ketosis sticks for determining fat burning status; and meal replacement powder drink in various flavors to be used in connection with medical clinics oriented to weight management and weight loss, meal replacement, including chocolate drink in the nature of vegetable-based chocolate food beverages, snacks, including protein based nutrient-dense snack bars, soy nuts and soups, meal replacement, including puddings, hot chocolate and pudding mixes in various flavors to be used in connection with medical clinics oriented to weight management and weight loss.  A true and correct copy of the Registration Certificate for this trademark is attached as **Exhibit B**.

17.     Without permission or consent from Lindora, Defendant has used and is using the confusingly similar mark, such as LEAN FOR LIFE and LEAN4LIFE (collectively, the "Infringing Marks"), to promote its fitness and weight loss consultation services, which compete directly with the goods and services provided by Lindora under the Lindora Marks.

18.     Defendant provides and markets its services using online tools and by contributing or providing interviews to a variety of media outlets with a nationwide scope, including but not limited to Skype, Facebook, Twitter, YouTube, Instagram, Yahoo Health's Advisory Board, ABC News, Cosmopolitan, and the Wall Street Journal. Defendant uses its national media presence to promote goods in the weight loss and fitness markets that directly compete with the goods and services provided by Lindora under the Lindora Marks.

19.     Lindora is informed and believes, and on that basis alleges, that Defendant's unauthorized use of infringing marks is intended to trade upon the goodwill and reputation associated with Lindora and the Lindora Marks.

20.     Defendant began using Infringing Marks after Plaintiff Lindora's registration of the Lindora Marks.

21.     Lindora is informed and believes, and on that basis alleges, that Defendant continued to promote and offer Defendant's services using Infringing Marks despite having reason to know that Defendant is engaging in trademark infringement.

22.     In addition, Defendant continued using the Infringing Marks even after Lindora sent a letter to Defendant on October 29, 2015, in which Lindora requested that Defendant stop using the Infringing Marks.

23.     Lindora is informed and believes, and on that basis alleges, that Defendant's use of Infringing Marks is willful and calculated to cause mistake or deception as to the source of Defendant's weight loss and fitness services.

24.     By virtue of the acts complained of herein, Defendant has injured

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA, CA

Lindora's business reputation by creating a formidable likelihood that consumers will be confused or deceived as to the source of Defendant's services at issue or believe that a relationship exists between Lindora and Defendant or Lindora and the goods recommended by Defendant when no such relationship exists.  By these acts, Defendant competes unfairly with Lindora by trading on the consumer recognition associated with the Lindora Marks while simultaneously diminishing the decades of work and investment that Lindora has put into its Lindora Marks.

25.  At no time has Lindora given Defendant license, permission, or authority to use or display the Lindora Marks in any way.

26.  Lindora is informed and believes, and on that basis alleges, that Defendant's acts described above were willful, malicious, and carried out with intent to infringe upon the Lindora Marks, deceive consumers, and unfairly compete with Lindora.

27.  Defendant's acts complained of herein have caused Lindora to suffer irreparable injury to its business.  Lindora has and will continue to suffer substantial loss of goodwill and reputational injury unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

### FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement)**

**(15 U.S.C. § 1114)**

28.  Lindora repeats and realleges the allegations of paragraphs 1 through 27 of this complaint as if set forth fully herein.

29.  This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

30.  Defendant has used in commerce, without Lindora's permission, reproductions, copies, or colorable imitations of the Lindora Marks in connection with the distribution, sale, offer for sale, advertising, and/or promoting of Defendant's weight loss and fitness services, which directly overlap and compete

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA, CA

315631007.1                                                              COMPLAINT

with the goods and services provided by Lindora under the Lindora Marks and are sold in overlapping channels of trade.

31.    Defendant's use in commerce of reproductions, copies, or colorable imitations of the Lindora Marks for Defendant's weight loss and fitness services is likely to cause consumer confusion, mistake, or to deceive consumers.

32.    Lindora is informed and believes, and on that basis alleges, that Defendant's activities complained of herein constitute willful and intentional infringement of the Lindora Marks, and that Defendant committed such acts intending to unfairly compete against Lindora, trade upon Lindora's reputation and goodwill by causing confusion and mistake among the parties' overlapping consumers, and deceive the public into believing that Defendant's services are associated with, sponsored by, or approved by Lindora when they are not.

33.    Lindora is informed and believes, and on that basis alleges, that Defendant has willfully infringed the Lindora Marks in violation of 15 U.S.C. § 1114 by continuing to use the Infringing Marks despite becoming aware of Lindora's Marks.

34.    Lindora is informed and believes, and on that basis alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of marks that infringe upon the Lindora Marks in an amount that is not presently known to Lindora.

35.    By reason of Defendant's actions, Lindora has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

36.    Defendant's actions have caused and are causing Lindora irreparable harm for which Lindora has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition & False Designation Of Origin)

### (15 U.S.C. § 1125(a))

37.    Lindora repeats and realleges the allegations of paragraphs 1 through

1    36 of this complaint as if set forth fully herein.

2        38.    This is a claim for unfair competition and false designation of origin

3    arising under 15 U.S.C. § 1125(a).

4        39.    Without Lindora's consent, Defendant has created and continues to

5    create a false designation of origin by using the Lindora Marks and/or other marks

6    confusingly similar to the Lindora Marks in commerce in connection with the sale,

7    offering for sale, advertising, and/or promotion of Defendant's weight loss and

8    fitness services, thereby causing a likelihood of consumer confusion, mistake, or

9    deception as to an affiliation, connection, or association with Lindora or to suggest

10   Lindora as the origin of Defendant's services, or that Lindora has sponsored or

11   approved of Defendant's commercial activities.

12       40.    Lindora is informed and believes, and on that basis alleges, that

13   Defendant acted with the intent to unfairly compete against Lindora by trading

14   upon Lindora's reputation and goodwill thereby causing confusion and mistake

15   among consumers and the public, deceiving the public into believing that

16   Defendant's services are associated with, sponsored by, or approved by Lindora

17   when they are not.

18       41.    Lindora is informed and believes, and on that basis alleges, that

19   Defendant had actual knowledge of Lindora's ownership and prior use of the

20   Lindora Marks as well as the federal trademark registrations therefor and without

21   Lindora's consent has willfully committed acts of unfair competition and false

22   designation of origin in violation of 15 U.S.C. § 1125(a).

23       42.    Lindora is informed and believes, and on that basis alleges, that

24   Defendant has derived and received, and will continue to derive and receive, gains,

25   profits, and advantages from Defendant's false designation of origin, false or

26   misleading statements, descriptions of fact, or false or misleading representations of

27   fact in an amount that is not presently known to Lindora.

28       43.    By reason of Defendant's actions, constituting false designation of

origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, Lindora has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

44. Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and/or unfair competition, have caused and are causing Lindora irreparable harm for which Lindora has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (California Common Law Trademark Infringement)

45. Lindora repeats and realleges the allegations of paragraphs 1 through 44 of this complaint as if set forth fully herein.

46. This is a claim for trademark infringement arising under California common law.

47. Defendant's acts complained of herein constitute trademark infringement under California common law. Defendant's acts were and are willful, deliberate, and committed with knowledge that Defendant's unauthorized use of the Lindora Marks or confusingly similar marks creates a likelihood of consumer confusion.

48. Lindora is informed and believes, and on that basis alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of marks that infringe upon the Lindora Marks in an amount that is not presently known to Lindora.

49. By reason of Defendant's actions, Lindora has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

50. Due to Defendant's trademark infringement, Lindora has suffered and continues to suffer great and irreparable injury for which Lindora has no adequate remedy at law.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA, CA

315631007.1

8

COMPLAINT

51. Defendant's willful acts of trademark infringement under the common law of California constitute fraud, oppression, and malice. Accordingly, Lindora is entitled to exemplary damages.

### FOURTH CLAIM FOR RELIEF

### (California Unfair Competition)

52. Lindora repeats and realleges the allegations of paragraphs 1 through 51 of this complaint as if set forth fully herein.

53. This is a claim for unfair competition, arising under California Business & Professions Code § 17200 *et seq.* and California common law.

54. Defendant's acts of trademark infringement and false designation of origin complained of herein constitute unfair competition with Lindora under the common law and statutory laws of the state of California, particularly California Business & Professions Code § 17200 *et seq.*

55. Lindora is informed and believes, and on that basis alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to Lindora.

56. By reason of Defendant's wrongful acts as set forth in this complaint, Lindora has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

57. By its actions, Defendant has injured and violated the rights of Lindora and has irreparably injured Lindora, and such irreparable injury will continue unless Defendant is enjoined by this Court.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA, CA

315631007.1

9

COMPLAINT

**WHEREFORE**, Lindora prays for judgment in its favor against Defendant for the following relief:

A.    That the Lindora Marks and the registrations therefor be deemed valid and willfully infringed by Defendant in violation of 15 U.S.C. § 1114 *et seq.*;

B.    That a preliminary and permanent injunction issue against Defendant, its officers, agents, servants, employees, representatives, successors, assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    1.    using the Lindora Marks or any confusingly similar mark or mark that is likely to create the erroneous impression that Defendant's goods and/or services originate from Lindora, are endorsed by Lindora, or are connected to Lindora in any way to market, advertise, promote, sell, offer for sale, provide, and/or identify Defendant's services;

    2.    manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any weight loss services or informational material, or related goods or services, using any of the Lindora Marks and/or any confusingly similar marks;

    3.    otherwise infringing upon the Lindora Marks and/or any of Lindora's other trademarks;

    4.    falsely designating the origin of Defendant's services;

    5.    unfairly competing with Lindora in any manner; and

    6.    causing a likelihood of confusion or injuries to Lindora's business reputation;

C.    That Defendant be directed to file with this Court and serve on Lindora within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Costa Mesa, CA

315631007.1

COMPLAINT

1    with the injunction pursuant to 15 U.S.C. § 1116;

2        D.    That, because of the exceptional nature of this case resulting from

3    Defendant's deliberate and malicious actions, this Court award to Lindora all

4    reasonable attorneys' fees, costs, and disbursements incurred as a result of this

5    action, pursuant to 15 U.S.C. § 1117;

6        E.    That Defendant be required to account for any and all profits derived

7    from its acts of trademark infringement, false designation of origin, and unfair

8    competition complained of in this complaint;

9        F.    That Lindora be awarded damages for Defendant's trademark

10   infringement pursuant to 15 U.S.C. § 1117 in the form of Defendant's profits,

11   damages sustained by Lindora, and the costs of the action together with

12   prejudgment and postjudgment interest;

13       G.    That Defendant's acts of trademark infringement, false designation of

14   origin, and unfair competition complained of in this Complaint be deemed willful,

15   and that Lindora be entitled to enhanced damages;

16       H.    That Defendant be adjudged to have willfully and maliciously

17   infringed upon the Lindora Marks in violation of Lindora's rights under California

18   common law;

19       I.    That Defendant be adjudged to have competed unfairly with Lindora

20   under the common law of the state of California;

21       J.    That Defendant be adjudged to have competed unfairly with Lindora

22   under California Business & Professions Code § 17200 *et seq.*, and that

23   Defendant's actions in so doing be adjudged willful and done knowingly;

24       K.    That an accounting be ordered to determine Defendant's profits

25   resulting from its infringement, unfair competition, and false designation of origin,

26   and that Lindora be awarded monetary relief in an amount to be fixed by the Court

27   in its discretion as it finds just as an equitable remedy, including:

28       1.    all profits received by Defendant from sales and revenues of any

1     kind made as a result of infringing actions, said amount to be trebled;

2              2.      all damages sustained by Lindora as a result of Defendant's acts

3     of infringement, unfair competition, and false designation of origin, and that

4     such damages be trebled; and

5              3.      punitive damages stemming from Defendant's willful,

6     intentional, and malicious acts;

7     L.      That such damages and profits be trebled and awarded to Lindora

8     pursuant to 15 U.S.C. § 1117;

9     M.      That Lindora recover exemplary damages pursuant to California Civil

10    Code § 3294;

11    N.      That Lindora have and recover the costs of this civil action, including

12    reasonable attorneys' fees;

13    O.      An award of prejudgment and postjudgment interest and costs of this

14    action against Defendant; and

15    P.      Such other and further relief as this Court may deem just and proper.

16

17    Dated:      December 17, 2015              MANATT, PHELPS & PHILLIPS, LLP

18

19                                              By:/s/ *Yuri Mikulka*

20                                                 Yuri Mikulka
                                                   Danielle Mihalkanin
21                                                 Attorneys for Plaintiff
                                                   Lindora, LLC
22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff Lindora, LLC, hereby demands a trial by jury on all issues so triable.


Dated:     December 17, 2015          MANATT, PHELPS & PHILLIPS, LLP


                                      By: /s/ *Yuri Mikulka*
                                           Yuri Mikulka
                                           Danielle Mihalkanin
                                           Attorneys for Plaintiff
                                           Lindora, LLC